C. C. MOORE et al., Appellees, v. C. J. MILLER, Appellant; UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-appellee.

No. 45389.

JUNE 17, 1941.

Harold A. Moore and Roy E. Havens, for plaintiff-appellees.

K. C. Acrea, for appellant.

William P. Welch, for defendant-appellee.

BLISS, J.—The plaintiffs operated a moving picture theater in the town of Dunlap, in a building leased from the defendant, Miller. By its terms, the lease would terminate on March 1, 1939. It may be here noted that the rent for the full term was paid. About June 1, 1938, the plaintiffs purchased another building in the town, which they remodeled for use as a moving picture theater, and to which they planned to remove their equipment from the leased premises, so as to be able to open for business at the new place about September 1, 1938. From common knowledge in the town or direct notice by the plaintiffs, the defendant, Miller, learned of the plan, and procured a temporary writ of injunction, which he had served on plaintiffs on August 17, 1938, restraining them from removing their equipment from the leased premises. The equipment was that ordinarily used in a theater of this kind, and included among other articles, opera chairs, carpeting, two picture machines, projectors, complete sound equipment, and air cooling system. Miller, as principal, and his codefendant, as surety, executed and filed the usual injunction bond. The injunction suit came on for hearing, on its merits, during the appearance term, on September 8, 1938, and a decree adverse to the plaintiffs therein was rendered on September 28, 1938, discharging the injunction. The plaintiffs herein had planned to remove the equipment in the latter part of August, and to open at their new place at once. Being unable, because of the injunction, to use the equipment which they owned, and being desirous of opening their new theater as planned, they set about procuring other equipment to furnish it. They were unable to rent all of

it and were compelled to make outright purchases of some new equipment. With such equipment as they rented and purchased, the plaintiffs opened their new theater on September 2, 1938, and continued to so operate it until the discharge of the injunction on September 28, 1938, which enabled them to use their equipment in the leased building.

In their petition herein, as amended, plaintiffs alleged, in substance, the matters above set out, and claimed damages on three grounds, to wit: (1) Loss of the use of their own building from August 30th to September 28th, in the sum of $100; (2) necessary expense in attorney fees, in defending the injunction suit, in the sum of $100; and, for time lost and money expended by C. C. Moore in preparing his defense and attending court, in the sum of $25.

There was evidence without objection, that plaintiffs had paid $100 for attorney fees, and $21.80 as expenses of C. C. Moore. There was testimony that the fair and reasonable value of the use, or the rental value of the new theater for a month was $100. The court instructed the jury that the plaintiffs were entitled to recover the fair rental value of their building from August 30, 1938 to September 28, 1938, but not exceeding the sum of $100 therefor. The offer of this proof as to rental value of the building and the submission of this measure of damages were objected to by defendant in various ways.

We think there is merit in the appellant's contention. Whatever damage the appellees may have suffered, it was not in the loss of the use of their building for the period stated, and this issue should not have been submitted to the jury. For this error, the judgment is reversed. It is impossible to tell what items of damage the jury considered in arriving at the amount of their verdict. Because of the submission of this issue, the judgment is reversed. It will not be necessary to consider other errors assigned.—Reversed.

HALE, C. J., and MILLER, OLIVER, GARFIELD, STIGER, and WENNERSTRUM, JJ., concur.